IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALKEK & WILLIAMS OIL, LTD, ET AL., | § § § | |
| Appellants, | § § | CIVIL ACTION NO. 3:06-CV-0555-P |
| v. | § § | (Bank Ct. No. 02-36456-BJH-7) |
| ROBERT NEWHOUSE, ET AL., | § § § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Appellants Alkek & Williams Oil, Ltd., et al.'s appeal from an Order Denying Motion For Extension Of Time To File Notice Of Appeal, signed February 8, 2006, in the United States Bankruptcy Court for the Northern District of Texas. Appellants timely filed their brief on May 9, 2006,[1] and appellees timely responded with their brief on June 19, 2006.[2] Appellants then filed a reply brief on July 20, 2006. After considering the parties' arguments and briefing, the record, and the applicable law, the Court AFFIRMS the Order of the Bankruptcy Court.

**I.    Background and Procedural History**

On August 1, 2002, NextStage Entertainment Corporation ("NextStage") and its affiliates filed petitions for Chapter 11 relief in Bankruptcy Court, thereby creating bankruptcy estates

---

[1] Appellants filed an unopposed motion to extend time for filing an appellant brief. Such motion was granted, thus the brief is timely.

[2] Appellees also filed an unopposed motion to extend filing deadlines. The motion was granted, making their brief timely.

comprised of all their assets. (Joint Appellee's Brief (hereinafter "Resp.") at 3.) After NextStage sold its principal asset, a musical performance hall in Grand Prairie, Texas, the Bankruptcy Court converted the cases to Chapter 7 and appointed Robert Newhouse ("Trustee") as trustee of the bankruptcy estates. (*Id.*; App. at Ex. 5, p. 735.) Thereafter, the minority shareholders of NextStage (hereinafter "Minority Shareholders" or "Appellants") filed suit in state court against the majority shareholders (hereinafter the "Warburg Parties"),[3] alleging minority shareholder oppression. (Appellants' Brief (hereinafter "Br.") at 1.)

On February 11, 2005, the Trustee commenced an adversary proceeding against the Minority Shareholders and the Warburg Parties, seeking a declaratory judgment that the claims asserted by the Minority Shareholders in state court were in fact claims owned by the bankruptcy estate. (Resp. at 4.) On March 16, 2005, the Warburg Parties filed a cross-claim for declaratory judgment, likewise seeking a declaration that the claims asserted by the Minority Shareholders belonged to the bankruptcy estate. (Br. at 9.) In response, the Minority Shareholders filed a motion for summary judgment, arguing that their state court claims were not owned by the bankruptcy estate. On May 25, 2005, the Bankruptcy Court heard argument on the respective motions. At the conclusion of the hearing, Chief Judge Houser gave her ruling from the bench and stated:

> For all these reasons, the motions for judgment on the pleadings filed by the Trustee and the Warburg Parties will be granted. The motion for summary judgment filed by the Minority Shareholders will be denied.
> Mr. Hill, will you prepare a proposed order that references these

---

[3] The majority shareholders consist of Warburg Pincus Equity Partners, L.P., Warburg Pincus Netherlands Equity Partners I, C.V., Warburg Pincus Netherlands Equity Partners II, C.V., Warburg Pincus Netherlands Equity Partners III, C.V., and certain of its agents.

> conclusions of law of the Court? You don't need to repeat them. I think a simple order would be adequate.
>
> Those will be the Court's conclusions of law with respect to these matters. I reserve the right to get a copy of this transcript first and edit my handy work. But as soon as I have reviewed the transcript and have made whatever editing changes I believe are appropriate, it will then be available to the parties for their use, including for the state court to review in connection with whatever further proceedings may occur in connection with the state court action.

(App. at Ex. 5, p. 738.) Mr. Hill, counsel for the Trustee, subsequently prepared a proposed order and circulated it to counsel. The proposed order was approved as to form and signed by the attorneys for all parties, including Michael Oldham, counsel for the Minority Shareholders. (App. at Ex. 3.) The order was then signed by Judge Houser and entered into the docket on June 3, 2005. The order formally granted the Trustee and Warburg Parties' motions and denied the Minority Shareholder's motion "[b]ased upon this Court's conclusions of law stated on the record at the conclusion of the hearing in open court on May 25, 2005." (*Id.*)

On July 5, 2005, the Minority Shareholders filed a motion for an extension of time to appeal pursuant to Fed. R. Bankr. P. 8002(c). As Judge Houser's Order was entered into the record on June 3, 2005, the deadline to file an appeal expired after June 13, 2005. Because of the intervening Fourth of July holiday, July 5 was the deadline for filing a motion for extension under Fed. R. Bankr. P. 8002(c)(2). The Minority Shareholders argued that Judge Houser's comments from the bench, and the fact that the official transcript was not available before the appellate deadline expired, created confusion in their minds such that an extension should be granted. A hearing was held on this motion on January 3, 2006. After hearing argument from the parties, Judge Houser found that the requirements for an extension under Fed. R. Bankr. P.

8002(c) had not been met, thus the Minority Shareholders' motion was denied by Order dated February 8, 2006. (App. at Ex. 9.) The Minority Shareholders filed a timely notice of appeal to this ruling on February 15, 2006, and the parties subsequently submitted briefs to the Court.

## II.    Standard of Review

As the Court functions as an appellate court under 28 U.S.C. § 158(a), the same standards of review generally applied in federal courts of appeal apply to the instant case. *In re Perry*, 345 F.3d 303, 308 (5th Cir. 2003) (citing *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992)). A ruling on a motion for extension of time is reviewed under an abuse of discretion standard. *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998). "A court abuses its discretion when its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re First City Bancorporation of Texas, Inc.*, 282 F.3d 864, 867 (5th Cir. 2002). Consistent with this review, a bankruptcy court's conclusions of law are reviewed de novo. *In re Barron*, 325 F.3d 690, 692 (5th Cir. 2003). But, a bankruptcy court's factual findings must be upheld unless, considering all the evidence, this court forms "a definite and firm conviction that a mistake has been made." *In re Coppola*, 419 F.3d 323, 326 (5th Cir. 2005).

## III.   Analysis

Succinctly stated, the sole issue before the Court is whether the bankruptcy court abused its discretion by denying Appellants' motion to extend the time to appeal.[4] Under Fed. R. Bankr.

---

[4] Appellants argue that there are three separate issues on appeal. (Br. at ix.) The first two issues presented by Appellants, however, are essentially the same inquiry- whether the Bankruptcy Court abused its discretion in denying the motion to extend time to appeal. The third issue raised by Appellants is whether the Bankruptcy Court had jurisdiction to declare the Minority Shareholders' claims to be "derivative." But this issue was decided by the

P. 8002(c)(2), "a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Appellants argue that they have shown excusable neglect and, pursuant to Rule 8002(c)(2), the Bankruptcy Court should have granted an extension.

In construing the meaning of "excusable neglect," the Supreme Court held that any determination was, at its core, "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).[5] As such, courts were advised to consider, among other equitable factors, "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

After review, the Court finds that the Bankruptcy Court correctly applied the appropriate legal standard. At the January 3, 2006, hearing, counsel for both sides offered argument regarding the *Pioneer* factors. (App. at Ex. 8, p. 747-55.) In particular, counsel for the Minority Shareholders argued that there was not any prejudice in the delay, that Judge Houser's earlier statements justifiably caused confusion that resulted in delay, and that the Minority Shareholders acted in good faith. (*Id.* at 750.) In response, counsel for the Trustee and counsel for the Warburg

---

Bankruptcy Court's Order of June 3, 2005. Appellants did not timely file an appeal to this Order, thus this Court lacks jurisdiction to consider such issue. *In re Don Vicente Macias, Inc.*, 168 F.3d 209, 211 (5th Cir. 1999).

[5] While the *Pioneer* case construed excusable neglect in the context of Fed. R. Bankr. P. 9006(b), courts have regularly held that "excusable neglect has the same meaning across procedural contexts." *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 881 n.5 (5th Cir. 1998) (Garza, J., dissenting). *See also Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996); *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995). All parties to this lawsuit agree that the *Pioneer* factors apply to "excusable neglect" under Fed. R. Bankr. P. 8002(c). (Reply at 3 n.2.)

Parties contended that the reason for delay was mistake of counsel, which is an unacceptable basis for a finding of excusable neglect. (*Id.* at 750.); *see also In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 737 (5th Cir. 1995) (holding that "inadvertence, ignorance of the rules, or mistakes construing the rules did not usually constitute 'excusable neglect'"). Counsel further asserted that the estate suffered prejudice from the delay and argued that repeated failures to abide by certain procedural rules was evidence that the Minority Shareholders did not act in good faith. (App. at Ex. 8, p. 752.) After hearing the arguments presented, the Bankruptcy Court found there was no excusable neglect and denied the Minority Shareholders' motion for extension. (*Id.* at 759.) Appellants now argue that the Bankruptcy Court did not properly analyze excusable neglect under the *Pioneer* factors. But the fact that Judge Houser did not list each *Pioneer* factor in her oral ruling is immaterial; an equitable decision was made after consideration of the arguments presented on equitable factors. Under Fifth Circuit and Supreme Court precedent, "no more is required." *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998) (citing *United States v. Clark*, 51 F.3d 42 (5th Cir. 1995) and *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The Bankruptcy Court did not abuse its discretion, as its ruling was clearly based on controlling law.

  Furthermore, the Court finds that Judge Houser's ruling was not based on a clearly erroneous assessment of the evidence. At the January 3 hearing, counsel for the Minority Shareholders' admitted that "[w]e do not have any evidence to present." (App. at Ex. 8, p. 742.) Instead, counsel urged the Bankruptcy Court to take judicial notice of its statements at the May 25, 2005, hearing. These statements, plus the fact that counsel for Minority Shareholders signed

off on the proposed order of June 3, 2005, led the Bankruptcy Court to find that an extension of time to appeal under Fed. R. Bankr. P. 8002(c)(2) was not warranted. Nothing in the factual findings leaves this Court with "a definite and firm conviction that a mistake has been committed." *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003). The Bankruptcy Court properly considered the facts presented and thus did not abuse its discretion in denying the Minority Shareholders' motion for extension of time to file an appeal.

## V.     Conclusion

The Bankruptcy Court found that Fed. R. Bankr. P. 8002(a)(2) clearly articulates the time in which to appeal, and the Minority Shareholders' failure to timely appeal did not constitute "excusable neglect." (App. at Ex. 8, p. 757, 759.) In such cases, the ruling of the Bankruptcy Court "is virtually unassailable." *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d at 470. The Court finds no abuse of discretion and hereby AFFIRMS the Order of the Bankruptcy Court.

**It is so ordered.**

Signed this 7th day of August 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE